E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendant*
*Edward Don & Company, LLC and*
*Cigna Health and Life Insurance Co.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER as ANTHONY T.'s attorney's-in-fact,<br><br>Plaintiff,<br>v.<br><br>EDWARD DON & COMPANY, LLC, and CIGNA HEALTH AND LIFE INSURANCE CO.,<br><br>Defendants. | Civil Action No.  22-cv-3389<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Passaic County, Docket No. PAS-L-1113-22] |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446, Defendants Edward Don & Company, LLC ("Edward Don") and Cigna Health and Life Insurance Company ("Cigna"), through their attorneys Gibbons P.C., hereby file this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because Plaintiff's Complaint challenges Defendants alleged failure to pay the appropriate amounts for services pursuant to employer-sponsored health benefits plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"); therefore, these claims are completely preempted by ERISA and this Court has federal question

jurisdiction under 28 U.S.C. § 1331. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.   PROCEEDINGS TO DATE

1. A lawsuit styled *University Spine Center as Anthony T.'s attorney's-in-fact, v. Edward Don & Company, LLC and Cigna Health and Life Insurance Company*, was filed on May 6, 2022, in the Superior Court of New Jersey, Law Division, Passaic County (the "State Court Action").

2. Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Summons; (b) Complaint, and (b) Civil Case Information Sheet.[1]

## II.   PLAINTIFF'S COMPLAINT

3. Plaintiff alleges it is a healthcare provider in the State of New Jersey with its principal place of business located at 504 Valley Road, Suite 203, Wayne, New Jersey. See Ex. A ("Compl.") ¶ 1.

4. Plaintiff alleges that this lawsuit arises from Defendants' alleged failure to pay for surgical and medical services provided by Plaintiff to patient Anthony T. ("Patient") who "had health insurance through his employer, Edward Don. More specifically, Patient was enrolled in the "Open Access Plus Plan administered by Cigna . . ." (the "Plan"). Compl. ¶¶ 1, 2, 10.

5. Edward Don sponsors the Plan and provides the alleged medical benefit to its employees and related beneficiaries as an employee benefit.

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth. Defendants do not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

6. Plaintiff is identified as the attorney-in-fact for Anthony T. *See generally* Comp.

7. Plaintiff alleges that the Patient presented with "severe recurrent lumbar dik herniation at L5-S1 with greater left than right lower extremity radiculopathy, lumbar degenerative disc disease L3-D1, and post laminectomy syndrome." Id. ¶ 3.

8. The Complaint further alleges that Plaintiff provided the allegedly "medically-necessary" services to the Patient on September 23, 2019. Id. ¶¶ 4, 6.

9. Plaintiff alleges it billed Cigna for these services in the amount of $340,316.00 for both the Primary and Assistant Surgeon service "by way of health insurance claim forms." Id. ¶ 8. According to Plaintiff, Cigna paid a total of $6,184.46 for the rendered services. Id. ¶ 89

10. Plaintiff alleges that the surgical procedure was a "covered medical procedure pursuant to the terms of the" Plan's Summary Plan Description" ("SPD"). Id. ¶ 7.

11. According to the Complaint, Plaintiff was a non-participating or out-of-network provider. Id. ¶ 6.

12. Plaintiff alleges that the Plan provides that out-of-network providers are reimbursed in accordance with the maximum reimbursable charge as defined by the Plan. Comp. ¶ 11.

13. Plaintiff disputes the calculation of the allowed reimbursement for out-of-network services and the complete denial of certain procedure codes billed by the provider. Id. ¶¶ 12, 13.

14. Plaintiff alleges that it appealed the claims determination and exhausted all administrative remedies. Id. ¶¶ 14, 15.

15. The Complaint purports to allege causes of action for Breach of Contract (Count I); Unjust Enrichment (Count II); Promissory Estoppel (Count III); and Breach of the Duty of Good Faith and Fair Dealing (Count IV).

16. The Complaint seeks relief in the form of compensatory damages totaling $93,104.99, plus interest, costs and attorney's fees.

17. Certain or all of the Claims at issue in this matter are covered, if at all, by an employer-sponsored health-benefits plan governed by ERISA. See 29 U.S.C. § 1002(1)(A).

18. The Complaint alleges that, Plaintiff is the attorney-in-fact of the Patient's benefits under the Patient's employee-benefit plan that would govern what, if any, benefit is owed to Plaintiff under that plan.

19. Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plan subject to ERISA, this action concerns, in part or in whole, claims for benefits offered to ERISA plan participants.

### III.    GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

20. As described in Part II above, because certain or all of the Claims concern an alleged failure to reimburse benefits under an ERISA-governed plan, any state-law claims against Defendants based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331. Upon information and belief, Plaintiff seeks reimbursement of medical benefits issued to a beneficiary of an ERISA-governed policy. Upon information and belief, the beneficiary authorized Plaintiff to act on his/her behalf and Plaintiff has alleged it is entitled to payment of those benefits pursuant to the Plan.

21. As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment

of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

22. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

23. In *Davila*, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. *Id.* at 204-05. There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

24. The same is true here because the certain or all of the claims set forth in the Complaint derive solely or in material part from coverage determinations made under the insured's ERISA-regulated health benefit plans. *Id.* Such claims are preempted "no matter how couched." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001). The

Complaint is thus preempted by ERISA, and this action is properly removable to this Court. *See Davila*, 542 U.S. at 213; *see also Pryzbowski*, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

### IV.   SUPPLEMENTAL JURISDICTION

25.   This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

### V.   VENUE

26.   The State Court Action was filed in the Superior Court of New Jersey, Law Division, Passaic County, which is within this judicial district. *See* 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### VI.   TIMELINESS

27.   The Complaint is dated May 4, 2022. The Summons is dated May 6, 2022.

28.   Plaintiff attempted to serve Cigna Health and Life Insurance Company on May 9, 2022 via personal service at an office in Bloomfield, Connecticut.

29.   Edward Don was served no earlier than May 6, 2022.

30.   Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Defendant, through proper service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VII.   NOTICE

31.   Defendant will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Bergen County.

## VIII.   CONCLUSION

32.   This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

33.   Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: June 2, 2022
Newark, New Jersey

s/ *Debra A. Clifford*
E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545
dclifford@gibbonslaw.com