UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER as ANTHONY T.'S attorney-in-fact, | Civil Action No.: 2:22-cv-03389-JMV-JRA |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| EDWARD DON & COMPANY, LLC, and CIGNA HEALTH AND LIFE INSURANCE CO., | |
| Defendant(s). | |

University Spine Center as Anthony T.'s attorney-in-fact ("Patient" or "Principal") (collectively "Plaintiff") by way of Amended Complaint against Edward Don & Company, LLC and CIGNA Health and Life Insurance Company ("Defendant(s)"), asserts:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for Defendants' wrongful denial/underpayment of Patient's health insurance benefits.

2. Principal was, at all material times, a citizen and resident of New Jersey and is in all respects *sui juris*.

3. At all material times, University Spine Center was a medical provider in the County of Passaic, State of New Jersey.

4.  University Spine Center, proceeding on a Power of Attorney executed by Patient Anthony T. brings this action on his behalf.

5.  Upon information and belief, Defendant was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

6.  This Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

7.  Venue is proper in the District Court for the District of New Jersey as, *inter alia*, (a) all parties were residents/domiciled in New Jersey and/or conducted business in New Jersey, and (b) the breach of the terms of the subject employee welfare benefit plan took place in New Jersey, and (c) Defendant presently conducts and/or conducted business in New Jersey during the time at issue in this matter.

8.  All conditions precedent to the institution of this action, *e.g.*, administrative appeals, have occurred, been performed, been exhausted, been waived, would be futile, or should otherwise be deemed exhausted pursuant to 29 C.F.R. § 2560.503-1.

## ANATOMY OF THE CLAIM

9.  At all material times Principal had health insurance through his employer, Edward Don & Company, namely the Edward Don & Company, LLC Group Medical Insurance Plan, a group insurance contract with appeals and denied claims having been administered by Cigna Health and Life Insurance Company.

10. At the time of the subject surgery, Principal's selected medical benefit option was the Open Access Plus Plan administered by Cigna Health and Life Insurance Company. See **Exhibit A.**

11. Patient presented to the operating room of St. Joseph's University Medical Center at 703 Main Street in Paterson, New Jersey on September 23, 2019, with severe recurrent lumbar disk herniation at L5-S1 with greater left than right lower extremity radiculopathy, lumbar degenerative disc disease L3-S1, and post laminectomy syndrome. See **Exhibit B**.

12. On September 23, 2019, Drs. Ki Soo Hwang and Arash Emami, medical providers with University Spine Center, provided medically necessary and reasonable services to Patient. Id.

13. Patient underwent an revision of lumbar laminectomy with decompression of the L5 and S1 nerve roots, posterior spinal fusion at L5-S1, transforaminal interbody fusion at L5-S1, placement of an interbody spacer via left foraminal approach at L5-S1, posterior spinal instrumentation L5-S1 using Stryker posterior titanium system, resection of L5 pars intraarticularis and S1 superior articulating process at L5-S1 using osteotome, use of fluoroscopy and interpretation, use of neurophysiologic monitoring and direct stimulation of posterior elements, use of microscope and microscopic techniques on September 23, 2019. Id.

14. At the time of the subject surgical procedure, Drs. Ki Soo Hwnag and Arash Emami, of University Spine were not participating in the network of providers associated with the benefits provided by the plan. See **Exhibit C**.

15. The subject surgery performed by the Out-of-Network provider, University Spine Center qualifies as a covered medical procedure pursuant to the terms of the SPD. See **Exhibit D.** (See Schedule of Benefits in SPD at Page 12).

16. The bill for this service, submitted to Defendant by way of health insurance claim forms ("HICFs"), was $340,316.00 for both the Primary and Assistant Surgeon services. See **Exhibit E.**

17.     On February 12, 2020, Defendants allowed reimbursement for these emergency services rendered by University Spine Center in the total amount of $6,184.46. See **Exhibit C**.

18.     This represents an underpayment of approximately $167,512.07, considering applicable pay rates and reductions.

19.     The Plan's SPD defines the Maximum Allowed Amount"—for out-of-network providers providing outpatient surgical services such as Drs. Ki Soo Hwang and Arash Emami — as:

> The Maximum Reimbursable Charge for covered services is determined based on the lesser of: the provider's normal charge for a similar service or supply; or a policyholder-selected percentage of a schedule that Cigna has developed that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market. The percentage used to determine the Maximum Reimbursable Charge is listed in The Schedule. In some cases, a Medicare based schedule will not be used and the Maximum Reimbursable Charge for covered services is determined based on the lesser of: the provider's normal charge for a similar service or supply; or the 80th percentile of charges made by providers of such service or supply in the geographic area where it is received as compiled in a database selected by Cigna. If sufficient charge data is unavailable in the database for that geographic area to determine the Maximum Reimbursable Charge, then data in the database for similar services may be used.

> See **Exhibit D** (at page 59).

20.     The amount in dispute in this matter concerns the appropriate level of reimbursement for out-of-network services, namely, the denial and woeful underpayments of the procedure codes that have been billed by the Provider for the subject spinal surgery.

21.     Plaintiff disputes the calculation Defendant used to establish the allowed reimbursement for the subject spine surgery, for the primary surgeon, three of the eight codes have been denied completely, and the remaining five codes have been woefully underpaid; for the

assistant surgeon two of the five codes have been denied completely and the remaining three have been woefully underpaid. See **Exhibit C**.

22. University Spine Center appealed Defendant's determination on multiple occasions, in response, Defendant has indicated that Plaintiff has exhausted the internal appeals process. See **Exhibit F**.

23. Thus, Plaintiff has exhausted all administrative remedies.

24. University Spine Center, proceeding on a Power of attorney from Patient, brought suit.

25. Accordingly, Plaintiff brings this action for the recovery of the balance of benefits due to Principal under the Plan for the treatment rendered to him by the providers within University Spine Center.

## COUNT I

### RECOVERY OF BENEFITS UNDER
### 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

27. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B), provides a cause of action for a beneficiary or participant seeking benefits due payment under the terms of an ERISA governed plan.

28. Defendants both substantially underpaid by failing to properly calculate the Reasonable Charge pursuant to the terms of the Plan and denied benefits due to Principal under the terms of the Plan for the reasons set forth above.

29. Specifically, Defendant failed to both remit any payment whatsoever and adhere to the terms of the Plan by significantly underpaying for medically necessary treatment, and appropriately exhausting the administrative remedies.

**WHEREFORE**, Plaintiff requests the entry of judgment against Defendant as follows:

    a. For damages including, but not limited to, past-due contractual benefits as set forth in the Plan;

    b. For attorney's fees and costs of suit; and

For such other and further relief as the Court may deem just, equitable, and/or proper.

Dated: Paramus, New Jersey
June 30, 2022

Respectfully submitted,

**CALLAGY LAW, P.C.**
Mack Cali Centre II
650 From Road – Suite 240
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6244

By: _____
Lori B. Shlionsky, Esq.
lshlionsky@callagylaw.com