**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER as ANTHONY T.'s attorney-in-fact, *Plaintiff*, v. EDWARD DON & COMPANY, LLC, and CIGNA HEALTH AND LIFE INSURANCE CO., *Defendants*. | Civil Action No. 22-3389 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this action, Plaintiff University Spine Center, as Anthony T's ("Patient") attorney-in-fact, brings a claim against Defendants Edward Don & Company, LLC ("Edward Don") and Cigna Health and Life Insurance ("Cigna") (collectively, "Defendants") for unpaid benefits. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint. D.E. 10. The Court reviewed the parties' submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

---

[1] Defendants' brief will be referred to as "Defs. Br." (D.E. 10-1); Plaintiff's opposition brief will be referred to as "Plf. Opp." (D.E. 12); and Defendants' reply brief will be referred to as "Defs. Reply." (D.E. 17).

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff, an out-of-network medical practice, treated Patient, who had health insurance through his employer, Edward Don (the "Plan"). D.E. 6 ("Am. Compl.") ¶¶ 9, 14-15. Cigna is the claims administrator for the Plan. *Id.* ¶ 9. On September 23, 2019, Patient presented to the operating room at St. Joseph's University Medical Center "with severe recurrent lumbar disk herniation at L5-S1 with greater left than right lower extremity radiculopathy, lumbar degenerative disc disease L3-S1, and post laminectomy syndrome." *Id.* ¶ 11 (citing Ex. B).[3] That same day, Plaintiff "provided medically necessary and reasonable services" to Patient.[4] *Id.* ¶ 12. Plaintiff then submitted a bill to Defendants for $340,316.00 for the services rendered by the primary surgeon and assistant surgeon. *Id.* ¶ 16 (citing Ex. E). On February 12, 2020, Cigna sent Plaintiff an Explanation of Benefits ("EOB") and remitted reimbursement in the amount of $6,184.46. *Id.* ¶ 17; Ex. C.

---

[2] The factual background is taken from Plaintiff's Amended Complaint, D.E. 6, as well as the exhibits attached to it. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

[3] The Court's citations to exhibits correspond to the exhibits to Plaintiff's Amended Complaint and the page numbers cited correspond with those in the ECF header. *See* Ex. A–F (D.E. 6-1–6-6).

[4] The services rendered include "revision of lumbar laminectomy with decompression of the L5 and S1 nerve roots, posterior spinal fusion at L5-S1, transforaminal interbody fusion at L5-S1, placement of an interbody spacer via left foraminal approach at L5-S1, posterior spinal instrumentation L5-S1 using Stryker posterior titanium system, resection of L5 pars intraarticularis and S1 superior articulating process at L5-S1 using osteotome, use of fluoroscopy and interpretation, use of neurophysiologic monitoring and direct stimulation of posterior elements, use of microscope and microscopic techniques." Am. Compl. ¶ 13 (citing Ex. B).

Plaintiff alleges that this was "an underpayment of approximately $167,512.07 considering applicable pay rates and reductions[.]" *Id.* ¶¶ 18, 21. Plaintiff adds that of the eight codes billed for the primary surgeon's services, five were "woefully underpaid" and three were "denied completely," and that of the five codes billed for the assistant surgeon's services, three were "woefully underpaid" and two were "denied completely." *Id.* ¶ 21. According to Plaintiff, the services qualified as covered medical procedures pursuant to the Schedule of Benefits ("SPD"), and therefore should have been reimbursed in accordance with the "Maximum Reimbursable Charge" as defined by the Plan. *Id.* ¶¶ 15, 19.

The Plan provides, in part, as follows:

> The Maximum Reimbursable Charge for covered services is determined based on the lesser of:
> - the provider's normal charge for a similar service or supply; or
> - a policyholder-selected percentage of a schedule that Cigna has developed that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market.
>
> The percentage used to determine the Maximum Reimbursable Charge is listed in The Schedule.
>
> In some cases, a Medicare based schedule will not be used and the Maximum Reimbursable Charge for covered services is determined based on the lesser of:
> - the provider's normal charge for a similar service or supply; or
> - the 80th percentile of charges made by providers of such service or supply in the geographic area where it is received as compiled in a database selected by Cigna. If sufficient charge data is unavailable in the database for that geographic area to determine the Maximum Reimbursable Charge, then data in the database for similar services may be used.
>
> The Maximum Reimbursable Charge is subject to all other benefit limitations and applicable coding and payment methodologies determined by Cigna.

3

*Id.* ¶ 19; Ex. D at 60.

Plaintiff appealed Cigna's determination on multiple occasions and exhausted its administrative remedies. *Id.* ¶¶ 22-23; *see also* Ex. F. On May 4, 2022, Plaintiff brought this action against Defendants in the Superior Court of New Jersey. *See* D.E. 1-1. On June 2, 2022, Defendants removed the action to this Court based on diversity jurisdiction and federal question jurisdiction. D.E. 1. Defendants moved to dismiss Plaintiff's Complaint on June 23, 2022. D.E. 5. On June 30, 2022, Plaintiff filed an Amended Complaint, D.E. 6, asserting a cause of action for recovery of benefits under ERISA § 502(a)(1)(B). The instant motion followed. D.E. 10.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint

will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.   ANALYSIS

ERISA governs the rights and obligations of beneficiaries of and participants in employee benefit plans. ERISA section 502(a)(1)(B) allows a beneficiary or participant to bring a civil action to recover benefits due to her under a plan, and provides as follows:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Thus, to bring a claim under ERISA, a plaintiff must plausibly allege how the plan was violated and why it is entitled to further reimbursement under the plan. *IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at *2 (D.N.J. May 29, 2018) (citations omitted).

Here, Defendants argue that Plaintiff's allegations fall short because Plaintiff "merely cites to the provision [] that dictates reimbursement for out-of-network providers without alleging how [Defendants] violated the Plan terms." Defs. Br. at 6. Defendants also argue that it is insufficient for Plaintiff to "dispute[] the calculation that was used to determine the allowed reimbursement," while failing to allege "how that calculation was wrong, or what a correct 'calculation' would consist of." *Id.* In support, Defendants rely on cases in this district that have dismissed Section 502(a)(1)(B) claims where the plaintiff has failed to plead how and why the terms of the relevant plan were violated.[5] Plaintiff counters that the Court can reasonably infer that Defendants "did

---

[5] *See* Defs. Br. at 3-6 (citing *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 9-571, 2009 WL 3242136, at *3 (D.N.J. Oct. 7, 2009); *Advanced Rehab., LLC v. UnitedHealth*

5

not use any of the methods set forth in the SPD to calculate the reimbursement" because "each of the thirteen CPT codes should be reimbursed" in accordance with the terms of the Plan, and five of them were "outright denied," while eight were "woefully underpaid" by Defendants. Plf. Opp. at 6-7.[6] Defendants reply that the EOB explains through its "Reasons Codes" how and why the claims were adjusted, and that no allegations have been made as to how and why the denial of some services was contrary to the Plan's terms. Defs. Reply at 3-5.

The Court agrees that the pleadings are insufficient. Although Plaintiff identified the provision of the plan which might entitle Plaintiff to additional reimbursements and stated that Defendants "did not use any of the methods" set forth in that provision, Plaintiff fails to allege how and why Defendants' payment of $6,184.46 violates the provision. Plaintiff appears to argue that "woeful underpa[yment]" and "outright den[ial]" of certain CPT codes amounts to a violation, but these statements are conclusory. *See* Plf. Opp. at 6-7.[7] As Defendants note, Defs. Reply at 5,

---

*Grp., Inc.*, No. 10-263, 2011 WL 995960, at *3 (D.N.J. Mar. 17, 2011), *aff'd*, 498 Fed. App'x 173 (3d Cir. 2012); *Atl. Plastic and Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018); *LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL 1773498 (D.N.J. Apr. 12, 2018); *IGEA Brain & Spine, P.A. v. Cigna Health and Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at * 2 (D.N.J. May 29, 2018); *Robinson v. Anthem Blue Cross Life and Health Ins. Co.*, No. 17-4600, 2018 WL 625881 (D.N.J. Nov. 30, 2018); *Emami v. Empire Healthchoice Assurance, Inc.*, No. 18-679, 2020 WL 4745917, at * 4 (D.N.J. Aug. 17, 2020)).

[6] In its brief, Plaintiff adds that Defendants' reimbursement rates are arbitrary because four of the codes were "not even priced" "nor were they reimbursed at the billed rate nor a rate consistent with the 80th percentile of the leading database used in the course of business with this industry." Plf. Br. at 6-7. The Court does not consider these supplemental factual allegations because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

[7] Plaintiff adds that while plan administrators have the authority to exercise discretion over benefits administration, they are required under 29 U.S.C. §1104(a)(1)(A) to act as fiduciaries to plan participants and beneficiaries. Plf. Br. at 7. To the extent that Plaintiff is attempting to insert a new cause of action or factual allegations through its opposition, the Court does not consider such allegations for the reason stated in note 6.

the Amended Complaint makes no allegations as to how and why the reimbursement rates used, or the denial of certain services, are contrary to the Plan's terms. Nor do Plaintiff's allegations take issue with any of the EOB's stated reasons for denial.

Because Plaintiff merely references the relevant provision without articulating how and why it entitles Plaintiff to additional compensation, Plaintiff's §502(a)(1)(B) is dismissed for failure to state a claim. *See Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 6258881, at *4 (D.N.J. Nov. 30, 2018) (dismissing the §502(a)(1)(B) claim because the plaintiff failed to plausibly allege that the defendants "acted in contravention of the [relevant] procedures for determining" benefits, "what amount [the] [p]laintiff should be entitled to under those provisions," or "how the pertinent provisions entitle [it] to additional compensation.");[8] *see also IGEA Brain & Spine*, 2018 WL 2427125, at *2 (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege how the relevant plan was violated and why it was entitled to further reimbursement); *LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege "which actual [terms] were violated, when they were violated, or how they were violated").

### IV.    CONCLUSION

Defendants' motion to dismiss, D.E. 10, is **GRANTED**. Plaintiff's claim is dismissed without prejudice to allow Plaintiff an opportunity to file an amended pleading which cures the deficiencies noted herein. Plaintiff has thirty (30) days to file another amended complaint, and if

---

[8] *Robinson v. Anthem Blue Cross Life & Health Ins. Co.* is the only ERISA case cited by Defendants that Plaintiff attempts to distinguish. *See* Plf. Br. at 8 (citing 2018 WL 6258881 (D.N.J. Nov. 30, 2018)). However, the Court is not persuaded that "the facts at issue [here] are not, at all analogous to *Robinson*," because "Robinson's [c]omplaint failed to pinpoint why the reimbursement was low pursuant to the terms of the Plan." *Id.* Plaintiff's failure to pinpoint how and why the reimbursement violated the Plan is the precise issue here.

it does not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 3, 2023

                                                John Michael Vazquez, U.S.D.J.